

RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE

**IN THE UNITED STATES DISTRICT COURT OF THE WESTERN DISTRICT OF LOUISIANA MONROE DIVISION**

| | | |
|---|---|---|
| **ETC TIGER PIPELINE, LLC** | § | **CIVIL ACTION NO. 11-CV-265** |
| | § | |
| | § | |
| **VS.** | § | **JUDGE ROBERT G. JAMES** |
| | § | |
| **20 ACRES, MORE OR LESS, LOCATED IN BIENVILLE PARISH, LOUISIANA, *ET AL.*** | § | **MAGISTRATE JUDGE HAYES** |
| | § | |
| | § | |

**ORDER CONFIRMING PLAINTIFF'S RIGHT TO CONDEMN SERVITUDE, GRANTING A PRELIMINARY AND PERMANENT INJUNCTION AUTHORIZING IMMEDIATE ENTRY, AND DETERMINING AMOUNT OF JUST COMPENSATION**

The captioned matter came for hearing on April 4, 2011, on the motion of Plaintiff ETC Tiger Pipeline, LLC ("Tiger"), for Confirmation of Condemnation of Servitude and for Preliminary and Permanent Injunction Authorizing Immediate Entry (the "Motion"). The Court, having considered the Motion, the supporting memorandum, and the arguments and evidence presented at the hearing, finds that the Motion should be granted.

**JURISDICTION AND VENUE**

1. Tiger is a natural gas company as defined by the Natural Gas Act (the "Act"). 15 U.S.C. § 717(a)(6). Tiger has been issued a Certificate of Public Convenience and Necessity (the "Certificate") by the Federal Energy Regulatory Commission ("FERC") to construct, operate, and maintain the Tiger Pipeline Expansion (the "Expansion").

2. This action is governed by the section 717f(h) of the Natural Gas Act, which provides, in pertinent part:

> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way . . . it may acquire the

{HD026057.1}

> same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State Courts.

15 U.S.C. § 717f(h).

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because this action arises under the laws of the United States, and under 28 U.S.C. § 1337, because this action arises under an Act of Congress regulating interstate commerce. Jurisdiction is also proper in this Court pursuant to the Natural Gas Act, 15 U.S.C. § 717f(h). Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**CONFIRMATION OF THE PLAINTIFF'S RIGHT TO CONDEMN**

4. Upon FERC's issuance of the Certificate and Tiger's acceptance of same, Tiger filed the Verified Complaint for Condemnation under the Natural Gas Act and pursuant to Rule 71.1 of the Federal Rules of Civil Procedure, seeking to condemn a permanent and perpetual right of way and servitude (the "Permanent Right of Way") and a temporary right of way and servitude for work space (the "Pipeline Temporary Work Space"), as approved and certificated by FERC, under, upon, across, and through land owned by the Defendants. The Temporary Work Space is a space parallel and contiguous to the Permanent Right of Way, as described on Exhibit 1, for use by Tiger and its employees, contractors, or other agents during the construction of the Expansion. Tiger also filed the Motion, requesting the Court enter an order confirming that Tiger has the substantive right to condemn Defendants' property under the Natural Gas Act.

5. The Court finds that Defendants were duly and properly served either via the applicable service rules or via publication through a newspaper of general circulation in the Parish in which the property is located.

6. The Court finds that Tiger is the holder of a valid Certificate of Public Convenience and Necessity issued by FERC, that FERC has determined that the Defendants'

property is necessary for the Pipeline, and that Tiger has been unable to acquire the Defendants' property by agreement. Thus, the Court determines that Tiger has satisfied all requirements of the Natural Gas Act. 15 U.S.C. § 717f(h). The Court further finds that the interests condemned by Tiger are consistent with the authority granted it by the Certificate and within the scope of such authority, and Tiger is authorized by the Natural Gas Act to exercise the power of eminent domain. Therefore, the Court hereby confirms Tiger's right to condemnation of the servitudes identified in Exhibit 1 hereto.

**PRELIMINARY AND PERMANENT INJUNCTION GRANTING ACCESS**

7. Tiger also requests the Court grant it a preliminary and permanent injunction authorizing it to enter upon Defendants' property to begin construction related activities on the Expansion. For injunctive relief to be proper the Court must determine that four factors exist. There must be a substantial likelihood that the Plaintiff will prevail on the merits; there must be a substantial threat that irreparable harm will result if the injunction is not granted; the harm that would result to the Plaintiff if the injunction is denied must outweigh the harm to the Defendants if the injunction is granted; and granting the injunction will not disserve the public interest. *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009).

8. Federal courts across the country have recognized that a district court has the equitable authority to grant immediate entry and possession to a natural gas company in a condemnation action brought under the Natural Gas Act. *See, e.g.*, *East Tennessee Natural Gas Co., v. Sage*, 361 F.3d 808, 826-828 (4th Cir.), *cert. denied*, 543 U.S. 978 (2004) (granting immediate possession of easements where delays in construction would generate significant unrecoverable costs and time delays in completing project); *Gulf Crossing Pipeline*, 2009 WL 2465892, at *4 ("the equitable remedy of immediate possession is available if the condemnor can satisfy the criteria for preliminary injunctive relief"); *Southeast Supply Header*, 2008 WL

160700, at *2 (same); *Maritimes & Northeast Pipeline, LLC v. Decoulos*, 146 Fed. Appx. 495, *2-3 (1st Cir., 2005); *Northwest Pipeline Corp. v. The 20' by 1,430' Pipeline Right-of-way*, 197 F.Supp.2d 1241, 1245 (E.D.Wash. 2002) ("[w]here there is no dispute about the validity of [the gas company's] actual right to the easement, denying authority to grant immediate possession would produce an absurd result"); *Guardian Pipeline, L.L.C. v. 950.80 Acres of Land*, 210 F.Supp.2d 976, 979 (N.D.Ill. 2002) (immediate possession proper when condemnation order has been entered and preliminary injunction standards have been satisfied); *Northern Border Pipeline Co. v. 64.111 Acres of Land,* 125 F.Supp.2d 299, 301 (N.D.Ill. 2000) (same).

9. The Court finds that Tiger has satisfied the four requirements established for the granting of injunctive relief. The Court finds that Tiger has been issued a valid Certificate of Public Convenience and Necessity by FERC, and that all requirements under the Natural Gas Act for Tiger to exercise the right of eminent domain have been satisfied. Thus, there is a substantial likelihood that Tiger will prevail on the merits and be granted the right to condemn the Permanent Right of Way and Pipeline Temporary Work Space at issue herein.

10. The Court further finds that Tiger has met its burden of demonstrating a substantial likelihood that immediate and irreparable harm will result if the injunction is not granted, and if it is not able to obtain immediate entry upon the Property to begin construction. As demonstrated by the evidence and testimony presented, natural gas producers and the public at large will be irreparably harmed if the Expansion is not in-service by September 2011. Because construction of the Expansion requires detailed sequencing of numerous disciplines, construction must begin no later than April 2011 to meet this in-service date. Any delay in granting Tiger possession of the property will impede Tiger's ability to provide the needed energy delivery services deemed by FERC to be in the best interest of the public. Meeting the September 2011 in-service date will be a practical impossibility if Tiger is required to wait to

begin construction until completion of the just compensation proceedings for the landowners with whom it has been unable to locate or reach an agreement regarding value, unless such compensation hearings are held along with the injunction request. Finally, the costs to Tiger, its customers, and the public will be significantly increased if immediate possession is not granted. These increased costs are against public policy, and would be unrecoverable.

11. On balance, the potential harm to Tiger and the public at large outweighs any harm to the Defendants by granting Tiger the injunction it seeks. Defendant landowners will not be harmed if Tiger is granted immediate access to the servitude to begin construction. A determination of just compensation for the servitude is being decided concurrently herewith. In due course after the issuance of this order, Tiger shall deposit into the registry of the Court funds equal to the amount of just compensation determined by the Court. Thus, any alleged harm to the Defendants is minimal and is outweighed by the potential harms to Tiger and others impacted by the delay in construction.

12. In contrast, Tiger, its customers, and the public would be harmed by any delay of entry upon the servitudes sought. The landowners will ultimately receive just compensation for the property interests acquired by Tiger, and this compensation will be the same regardless of whether immediate entry is granted. Further, any alleged inconvenience or other disruption to the landowners will occur no matter when Tiger is granted possession. Accordingly, the substantial threat of irreparable harm to Tiger, its customers, and the public greatly outweighs any negligible risk of harm to the landowners.

13. It is within FERC's authority to determine whether the proposed Expansion furthers the public interest. FERC's issuance of the Certificate is evidence that it has so determined, and that determination may not be collaterally attacked here. In addition, the Court finds that the grant of injunctive relief to permit Tiger to begin construction of the Expansion

prior to the determination of just compensation furthers the public interest in that it will aid in ensuring that the FERC-approved project will not be delayed.

14. Finally, Tiger's substantive right to condemn the property at issue herein and the determination of just compensation for that condemnation involve common questions of law and fact. Thus, for efficiency and judicial economy the Court consolidated these issues for a single hearing.

15. After hearing all the evidence in open court during the hearing on compensation, the Court finds that the unacquired property interests condemned by Tiger have a value of $36.47; however, Tiger has stipulated that it will deposit $3,000 for the unacquired property interests.

16. Accordingly, for the foregoing reasons, the Court finds that Tiger's request for a preliminary and permanent injunction should be granted.

**IT IS THEREFORE ORDERED THAT THE MOTION (DOCUMENT NO. 8) IS GRANTED. IT IS FURTHER ORDERED:**

A. That pursuant to the Natural Gas Act, as the holder of a valid Certificate of Public Convenience and Necessity issued by FERC on February 3, 2011, Tiger has the substantive right to condemn property rights needed for the Expansion;

B. That Tiger shall be awarded a permanent and perpetual right of way and servitude (the "Permanent Right of Way") and a temporary right of way and servitude for work space (the "Pipeline Temporary Work Space") permitting it an immediate right of entry upon the Permanent Right of Way as approved and certificated by FERC, and the Pipeline Temporary Work Space as approved and certificated by FERC, both of which are identified in Exhibit 1 to this Order, under, upon, across and through land owned by the Defendants, which is described in Exhibit 2 to this Order;

C. The Permanent Right of Way described in Exhibit 1 shall be used for the purposes, presently, and at any such time in the future as Tiger may elect of constructing, laying, maintaining, operating, inspecting, altering, repairing, replacing, removing, reconstructing, relocating, or abandoning, and/or removing the Tiger Pipeline Expansion, and any and all necessary or useful appurtenances thereto, in a manner consistent with the Certificate and FERC regulations, for the transportation of natural gas, and all appliances, appurtenances, fixtures, equipment, and facilities, whether above or below ground, deemed by Tiger to be necessary or desirable in connection with its pipeline.

D. Tiger may immediately begin pre-construction and construction-related activities for the purpose of constructing the Tiger Pipeline Expansion at the location approved and certificated by FERC identified on Exhibit 1, in a manner consistent with the FERC Certificate and FERC regulations, which pre-construction and construction related activities may include, but not limited to, surveys, examinations and tests, and constructing, laying, maintaining, operating, inspecting, altering, repairing, replacing, and reconstructing the Tiger Pipeline Expansion, and any and all necessary or useful appurtenances thereto, on said Permanent Right of Way (collectively "Construction-Related Activities");

E. The Pipeline Temporary Work Space shall consist of a space parallel and contiguous to the permanent servitude and right-of-way, or other additional space, as described on Exhibit 1. The Pipeline Temporary Work Space will expire and revert to Defendants in accordance with FERC's regulations. Tiger shall have no rights in oil, gas or other minerals;

F. Tiger's right of ingress and egress shall be limited to accessing the Defendants' property by the Permanent Right of Way and the Pipeline Temporary Work Space during the term thereof;

G. Granting Tiger, its agents, employees, and persons, firms, and entities doing work for Tiger, the right, from time to time, to clear the right-of-way of all trees, undergrowth, and other natural or manmade obstruction that may injure or endanger Tiger's pipeline, appliances, appurtenances, fixtures, and equipment, or interfere with Tiger's access to, monitoring of, or construction, maintenance, operation, repair, relocation, and/or replacement of the same;

H. Defendants shall retain the right to cultivate or otherwise make use of the lands including roadways across the Permanent Right of Way for purposes in a manner which will not interfere with the construction activities of Tiger or the operations, maintenance, or relevant safety-related regulations consistent with the enjoyment or use of the rights granted to Tiger, but Defendants shall not construct any houses, buildings, ponds, structures, or any obstructions on or over the Permanent Right of Way. Tiger shall have the right, from time to time, to clear and remove from the Permanent Right of Way all trees, undergrowth, and other natural or manmade obstructions which may injure or endanger the Tiger Pipeline Expansion or interfere with Tiger's access to, use of, or monitoring of the Permanent Right of Way and Pipeline Temporary Work Space or the free and full right of ingress and egress within and along the same;

I. Granting Tiger the full right and authority to lease, sell, assign, transfer, and/or convey to others the Permanent Right of Way or Pipeline Temporary Work Space, estate, interest, rights, and privileges hereby sought, in whole or part, or to encumber the same;

J. After hearing all the evidence in open court during the hearing on compensation, the Court finds that the unacquired property interests condemned by Tiger have a value of $36.47;

K. Tiger has stipulated that it will deposit $3,000 for the unacquired property interests condemned herein;

  L. Tiger is ordered to deposit $3,000 for the unacquired property interests within thirty days of the issuance of this Order; and

M. Upon entry of this Judgment and deposit of the funds by Tiger pursuant to this Order, Defendants shall be entitled to draw from the funds deposited with the Clerk of Court an amount equal to the estimated just compensation of that Defendant's property interest.

MONROE, LOUISIANA, this 4th day of April, 2011.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

# DRAWING OF PERMANENT RIGHT OF WAY AND SERVITUDE AND TEMPORARY WORK SPACE

BIENVILLE PARISH, LOUISIANA
T-15-N, R-8-W
SECTION 14
Fnd. Conc. Monument
3,309.64'
Calc. Corner
Painted Tree Line Intersection
1,343.49'
Fnd. Iron Pipe
0.3030 Acre Temporary Work Space
60'
℄ Exist. CenterPoint 42" Pipeline
℄ Exist. 60' Wide Permanent R/W & Easement Registry #20095005 Conveyance Records of Bienville Parish
0.7551 Acre Temporary Work Space
THL-BI-533.000
Bobby Loud
THL-BI-534.000
Olivia Cockerham Gray, et al
E/2 of NW/4 of NE/4
Book 756, Page 322
Registry No. 96-883
Conveyance Records of Bienville Parish
THL-BI-535.000
TSI Land & Timber Corp.
NW 1/4, NE 1/4
NE 1/4, NE 1/4
SE 1/4, NE 1/4
I, Lucien C. Schaffer, Jr. Do Hereby Certify That This Plat Reflects a Survey Made On the Ground Under my Supervision During June, 2009.
STATE OF LOUISIANA
LUCIEN C. SCHAFFER JR.
REG. No. 4640
REGISTERED PROFESSIONAL
LAND SURVEYOR
11-10-10
Lucien C. Schaffer, Jr.
Registered Professional Land Surveyor No. 4640
NOTES:
1. Bearings are based on the "Louisiana Coordinate System", North Zone, NAD 83 in feet.
2. Description Attached.
EXHIBIT 'B'
Temporary Work Space: 46,090 sq. ft. = 1.0581 Acres
P.L./STA.
ACCT. NO.
WORK NO.
REV.
BY
DATE
GULLETT & ASSOCIATES, INC.
7705 SOUTH LOOP EAST
HOUSTON, TEXAS 77012
(713) 644-3219
PROPOSED ETC TIGER 42" PIPELINE EXPANSION PROJECT, PHASE 1 ACROSS OLIVIA COCKERHAM GRAY, ET AL BIENVILLE PARISH, LOUISIANA
ENERGY TRANSFER
ETC TIGER PIPELINE, LLC
SHEET 1 OF 2
DRAWN kc
DATE 06/09
SCALE 1"=200'
APPR. BY
CONST.YR.
DRAWING NO. A-3500-053
Agent :
Date :
Stakeholder's Initials :

BIENVILLE PARISH, LOUISIANA
T-15-N, R-8-W, SECTION 14
Painted Tree Line Intersection
℄ Exist. CenterPoint 42" Pipeline
℄ Exist. 60' Wide Permanent R/W & Easement
P.O.B.
P.O.B.
S 00°04'13" W 203.27'
263.27'
S 89°45'41" E - 680.00'
0.3030 Acre Temporary Work Space
N 89°45'41" W - 680.00'
S 89°45'41" E - 680.00'
0.7551 Acre Temporary Work Space
N 89°45'41" W - 532.37'
S 00°04'13" W 20.00'
S 00°04'13" W 45.00'
N 00°04'13" E 20.00'
S 00°14'19" W 25.00'
N 89°45'41" W 127.65'
N 00°04'13" E 70.00'
THL-BI-535.000 TSI Land & Timber Corp.
THL-BI-534.000
Olivia Cockerham Gray, et al
E/2 of NW/4 of NE/4
Book 756, Page 322
Registry No. 86-883
Conveyance Records of Bienville Parish
THL-BI-533.000 Bobby Loud
EXHIBIT 'B'
Temporary Work Space: 13,200 sq.ft. = 0.3030 Acres
Temporary Work Space: 32,890 sq.ft. = 0.7551 Acres
Total Temporary Work Space: 46,090 sq.ft. = 1.0581 Acres
NOTES:
1. Bearings are based on the "Louisiana Coordinate System", North Zone, NAD 83 in feet.
2. Description Attached.
PROPOSED ETC TIGER 42" PIPELINE EXPANSION PROJECT, PHASE 1 ACROSS OLIVIA COCKERHAM GRAY, ET AL BIENVILLE PARISH, LOUISIANA
ENERGY TRANSFER
ETC TIGER PIPELINE, LLC
GULLETT & ASSOCIATES, INC.
7705 SOUTH LOOP EAST HOUSTON, TEXAS 77012 (713) 644-8219
SHEET 2 OF 2
DRAWING NO. A-3500-053
REV. 0
P.L./STA.
ACCT. NO.
CONSTRUCTION YR
WORK NO.
SCALE: 1"=60'
BY
DATE
DESIGN
DRAWN NB 06/09
ASBUILT
REV. DESCRIPTION BY DATE APPR.
File Date: 11/08/10 1200 NB C3500233_-1 1=60
Stakeholder's Initials :
Date :
Agent :

BIENVILLE PARISH, LOUISIANA
T-15-N, R-8-W
SECTION 14
Fnd. Conc. Monument
Calc. Corner
Painted Tree Line Intersection
3,309.64'
1,343.49'
Fnd. Iron Pipe
S 00°04'13" W 251.33'
S 00°04'13" W 263.27'
℄ Exist. CenterPoint 42" Pipeline
60'
N 89°45'41" W - 660.00'
POINT OF EXIT
N = 653,108.55
E = 3,077,567.59
℄ 50' Wide Permanent R/W & Easement
P.O.B.
N = 653,105.80
E = 3,078,227.59
THL-BI-533.000
Bobby Loud
THL-BI-534.000
Olivia Cockerham Gray, et al
E/2 of NW/4 of NE/4
Book 756, Page 322
Registry No. 96-883
Conveyance Records of Bienville Parish
THL-BI-535.000
TSI Land & Timber Corp.
NW 1/4, NE 1/4
NE 1/4, NE 1/4
SE 1/4, NE 1/4
I, Lucien C. Schaffer, Jr. Do Hereby Certify That This Plat Reflects a Survey Made On the Ground Under my Supervision During June, 2009.
STATE OF LOUISIANA
LUCIEN C. SCHAFFER JR.
REG. No. 4640
REGISTERED PROFESSIONAL
LAND SURVEYOR
11-10-10
Lucien C. Schaffer, Jr.
Registered Professional Land Surveyor No. 4640
EXHIBIT 'B'
NOTES:
1. Bearings & Coordinates are based on the "Louisiana Coordinate System", North Zone, NAD 83 in feet.
2. Description Attached.
Total Length: 660.00'
Permanent Easement: 33,000 sq.ft. = 0.7576 Acres
P.L./STA. ACCT. NO.
WORK NO.
REV. BY DATE
1 G&A 11/10
GULLETT & ASSOCIATES, INC.
7705 SOUTH LOOP EAST
HOUSTON, TEXAS 77012
(713) 644-3219
PROPOSED ETC TIGER 42" PIPELINE EXPANSION PROJECT, PHASE 1 ACROSS OLIVIA COCKERHAM GRAY, ET AL BIENVILLE PARISH, LOUISIANA
DRAWN kc
DATE 06/09
SCALE 1"=200'
APPR. BY
CONSLTR.
ENERGY TRANSFER
ETC TIGER PIPELINE, LLC
SHEET 1 OF 2
A-3500-011
Stakeholder's Initials :
Date :
Agent :

BIENVILLE PARISH, LOUISIANA
T-15-N, R-8-W, SECTION 14
Stakeholder's Initials :
Date :
Agent :
Painted Tree Line Intersection
S 00°04'13" W
203.27'
278.27'
℄ Exist. CenterPoint 42" Pipeline
N 00°04'13" E
25.00'
S 89°45'41" E - 660.00'
0.3788 Acre
Temporary Work Space
N 89°45'41" W - 660.00'
S 00°04'13" W
25.00'
P.O.B.
℄ 50' Wide Permanent R/W & Easement
S 89°45'41" E - 660.00'
0.8308 Acre
Temporary Work Space
N 00°04'13" E
75.00'
S 00°04'13" W
50.00'
P.O.B.
N 89°45'41" W
127.65'
S 00°14'19" W
25.00'
N 89°45'41" W - 532.37'
THL-BI-533.009
Bobby Loud
THL-BI-535.000
TSI Land & Timber Corp.
THL-BI-534.000
Olivia Cockerham Gray, et al
E/2 of NW/4 of NE/4
Book 756, Page 322
Registry No. 96-883
Conveyance Records of Bienville Parish
NOTES:
1. Bearings & Coordinates are based on the "Louisiana Coordinate System", North Zone, NAD 83 in feet.
2. Description Attached.
EXHIBIT 'B'
Temporary Work Space: 16,500 sq.ft. = 0.3788 Acres
Temporary Work Space: 36,190 sq.ft. = 0.8308 Acres
Total Temporary Work Space: 52,690 sq.ft. = 1.2096 Acres
1
REVISED FOR CONDEMNATION
G&A
11/10
REV.
DESCRIPTION
BY
DATE
APPR.
P.L./STA.
ACCT. NO.
CONSTRUCTION YR
WORK NO.
SCALE:
1"=60'
BY
DATE
DESIGN
DRAWN
NB
06/09
ASBUILT
GULLETT & ASSOCIATES, INC.
7705 SOUTH LOOP EAST
HOUSTON, TEXAS 77012
(713) 644-3219
PROPOSED ETC TIGER
42" PIPELINE EXPANSION
PROJECT, PHASE 1 ACROSS
OLIVIA COCKERHAM GRAY, ET AL
BIENVILLE PARISH, LOUISIANA
ENERGY TRANSFER
ETC TIGER PIPELINE, LLC
SHEET 2 OF 2
DRAWING NO.
A-3500-011
REV.
1

# EXHIBIT 2

# LEGAL DESCRIPTION OF PROPERTY

The East 1/2 of the Northwest 1/4 of the Northeast 1/4 of Section 14, Township 15 North, Range 8 West, Bienville Parish, Louisiana, as recorded in Book 756, Page 322, Registry Number 19960883, Conveyance Records of Bienville Parish, Louisiana, consisting of 20 Acres of Land, More or Less